IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Eugene Kelley,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-14-1610-PHX-NVW (DKD)<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, U. S. DISTRICT JUDGE:

　　Tracy Eugene Kelley filed a Petition for Writ of Habeas Corpus on July 14, 2014, challenging his convictions, pursuant to a plea agreement, in Maricopa County Superior Court for two class 4 felonies. His habeas petition alleges that he received ineffective assistance of counsel. Respondents contend that his petition is untimely. As explained below, the Court recommends that Kelley's petition be denied and dismissed with prejudice.

## BACKGROUND

　　In April 2009, Kelley was found guilty in Maricopa County Superior Court for armed robbery and unlawful use of means of transportation. (Doc. 10, Ex. H) While on probation for these two convictions, Kelley absconded. (*Id.*) He was later arrested for drug possession; during this arrest, he acknowledged having a handgun in his pocket. (*Id.*) On June 1, 2012, Kelley entered a plea of guilty in Maricopa County Superior Court to one count of possession or use of dangerous drugs and one count of misconduct

involving weapons with one prior felony conviction. (Doc. 10, Ex. E) The Court reviewed the plea agreement with Kelley and then advised him "of all pertinent constitutional rights and rights of review." (*Id*.)

On August 3, 2012, the Court sentenced Kelley to concurrent terms of three years for the possession charge and five-and-one-half years for the weapons charge ("2012 sentences"). (Doc. 10, Ex I) The Court also ordered Kelley confined for one-and-one-half years for violating his probation in the unlawful use of means of transportation charge, and five years for violating his probation in the armed robbery charge. (Doc. 10, Exs. F, G) The Court ordered Kelley's confinement in the probation violations to begin after his 2012 sentences and to run consecutively to each other. (*Id*.) At his sentencing, Kelley received a "Notice of Rights of Review After Conviction and Procedure" which detailed his right to post-conviction relief, including the timeframe for initiating such relief. (Doc. 10, Ex. J) Kelley signed this Notice to acknowledge his receipt. (*Id*.)

On December 12, 2012, the Maricopa County Superior Court filed a document from Kelley titled "Notice of Post-Conviction Relief Counsel Request." (Doc. 10, Ex. K) It is a one-page, entirely handwritten document that says "On this 3rd day of November 2012 I file this notice and request counsel." Kelley wrote "11/3/12" next to his signature and underneath he wrote "Mailed 11/5/12." (*Id*.)

On January 22, 2013, the Superior Court dismissed his notice as untimely under Arizona Rule of Criminal Procedure 32.4(a), stating that Kelley's "notice of post-conviction relief was due not later than November 2, 2012," he did not timely file his notice, and "no circumstance has been shown that might justify [Kelley's] untimely filing." (Doc. 10, Ex. L) On January 31, 2013, Kelley filed a "Request to Review" in the Arizona Court of Appeals arguing that prison officials had withheld Rule 32 forms from him and so he could not timely mail this Notice. (Doc. 10, Ex. M) On March 18, 2014, the Court of Appeals granted review and denied relief. (Doc. 10, Ex. N) The Court noted that "Kelley did not use a form for his notice of post-conviction relief. He filed a handwritten pleading, and he offers no explanation why this handwritten pleading could

1 not have been timely filed." *State v. Kelley*, 2014 WL 1048370 (Ariz. Ct. App. Mar. 18, 2014). (Doc. 10, Ex. N) The Court of Appeals concluded that the Superior Court did not abuse its discretion when it summarily dismissed Kelley's notice. (*Id.*)

On July 14, 2014, Kelley filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1) His Petition argues that (1) his counsel was ineffective because he did not receive concurrent sentences and (2) he tried to timely file his Rule 32 Notice. (*Id*. at 6-8) He also states "I should not have been found guilty of the crimes as there is no factual and legal basis." (*Id*. at 8) Respondents contend that his Petition is untimely and that he is not entitled to equitable tolling. The Court agrees and recommends that this Petition be denied and dismissed with prejudice.

**Kelley's Petition is Untimely.**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2). If a defendant is convicted pursuant to a guilty plea, then the first post-conviction proceeding is considered a form of direct review and the conviction becomes "final" for purposes of Section 2244(d)(1)(A) when the Rule 32 of-right proceeding concludes. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation omitted); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief).

Kelley was sentenced on August 3, 2012, and his post-conviction proceedings were final 90 days later, on November 2, 2012.[1] The Superior Court's rejection of

---

[1] Respondents note that November 2, 2012, was a Saturday and conclude that

1 Kelley's notice means that it "must be treated as improperly filed, or as though it never
2 existed," such that "for purposes of section 2244(d), the pendency of that petition did not
3 toll the limitations period." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011).
4 Accordingly, Kelley's one year limitations period began on November 3, 2012, and he
5 was required to file his habeas petition in this court by November 3, 2013. Instead, he
6 filed his habeas petition over eight months later, on July 14, 2014. Therefore, his petition
7 is untimely.

**Kelley is Not Entitled to Equitable Tolling.**

Kelley's Petition is untimely unless he can show that he is entitled to equitable tolling.[2] To make such a showing, Kelley must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Kelley repeatedly claims that his requests for a Rule 32 Notice form were denied. (Doc. 1; Doc. 10 at Ex. M) When he requested that the Court of Appeals review the dismissal of his Rule 32 Notice, he said that he had received the forms in November 2012, immediately asked inmates to help, and then mailed the form. (Doc. 10, Ex. M) In his Petition, he states that he never received the form and so he "finally took a piece of paper and wrote the notice and timely gave it as legal mail." (Doc. 1 at p. 7) These inconsistent explanations do not explain why his solution – a handwritten Notice – was not, and could not have been, timely filed. Because Kelley has not demonstrated that he pursued his rights diligently, he is not entitled to equitable tolling.

---

Kelley had until the following Monday, November 4, 2012, to timely file his Rule 32 petition. (Doc. 10 at p. 8, n.3) However, the Court of Appeals found no error of law in the Superior Court's conclusion that Kelley's deadline was November 2, 2012, and this Court defers to that decision. *See, e.g., Rawson v. Mauldin*, 2009 WL 2761917, at *2 (D. Ariz. Aug. 28, 2009) ("The state court found that Petitioner's Rule 32 petition . . . was untimely, and this Court must defer to that finding.").

[2] The Ninth Circuit has recognized an actual innocence exception to the limitations bar. *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011). Kelley makes one statement in his Petition that alludes to an innocence claim but he does not provide any supporting arguments or information. (Doc. 1 at p. 8) Because his one assertion does not demonstrate that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt," *id*. at 937, this argument is unavailing.

- 4 -

1    **IT IS THEREFORE RECOMMENDED** that Tracy Eugene Kelley's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 15th day of April, 2015.

_____
David K. Duncan
United States Magistrate Judge